DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

N.D.,

Appellant,

v.

J.B.,

Appellee.

No. 2D23-686

_____

March 15, 2024

Appeal from the Circuit Court for Sarasota County; Maria Ruhl, Judge.

Scott T. Orsini of Orsini Law Group, LLC, St. Petersburg, for Appellant.

Jesse R. Butler of Dickinson & Gibbons, P.A., Sarasota, for Appellee.

KELLY, Judge.

N.D. appeals from the trial court's order dismissing his petition to establish paternity. Because the trial court misapplied section 742.12(4), Florida Statutes (2020), to disestablish N.D.'s paternity, we reverse and remand for further proceedings.

N.D. and J.B. (the mother) were in a relationship for several years but never married. R.R.D. was born during the time they were together, and N.D. was named as the father on the child's birth certificate. N.D.

continued to be involved in the child's life after the parties' relationship ended until the mother discontinued his visitation in 2020. Consequently, N.D. filed a petition to establish paternity, a parenting plan, and a timesharing schedule. In response to the petition, the mother requested DNA testing and the appointment of a guardian ad litem to determine whether testing was in the best interest of the child. At first N.D. objected to the appointment of the guardian, but eventually stipulated to the appointment. Based on the guardian ad litem's recommendation, the trial court ordered the testing. The test results showed that there was no chance N.D. was R.R.D.'s biological father. The mother moved to dismiss N.D.'s paternity action pursuant to section 742.12(4), which provides that, in a proceeding to establish paternity, "[i]f the test results show the alleged father cannot be the biological father, the case shall be dismissed with prejudice." After a hearing on the motion to dismiss, the trial court voiced its reluctance to dismiss the petition, but ultimately stated, "My hands are tied. You know, 742.12 tells me I have to dismiss the case with prejudice based on the test results." The court granted the mother's motion and dismissed the petition.

N.D. argues that the trial court erred in applying section 742.12(4) to remove his rights as R.R.D.'s legal father based "solely on biology." *See Van Weelde v. Van Weelde*, 110 So. 3d 918, 921 (Fla. 2d DCA 2013) ("[D]espite the Husband's status as [the child's] legal father, the trial court granted the Wife's motion [to disestablish the Husband's paternity] based solely on biology . . . ."). He correctly contends that even though the DNA test results revealed that he is not the *biological* father, he is entitled to the presumption that he is the *legal* father because he was named as the child's father on the birth certificate. *See* § 742.10(1).

2

Section 742.10(1) provides that if an affidavit acknowledging paternity is executed by both parties, witnessed, and signed under penalty of perjury, a rebuttable presumption of paternity is created. Either party has the right to rescind the acknowledgment within sixty days. *Id.* If not rescinded within the sixty-day period, the voluntary acknowledgment of paternity "shall constitute an establishment of paternity and may be challenged in court only on the basis of fraud, duress, or material mistake of fact, *with the burden of proof upon the challenger.*" § 742.10(4) (emphasis added). Because the parties did not rescind the acknowledgement within sixty days, N.D.'s paternity was established by operation of law. Thereafter, N.D. "was neither required nor permitted to take action under chapter 742 to further establish his paternity." *Van Weelde,* 110 So. 3d at 921; *see also* § 742.10(5) ("Judicial or administrative proceedings are not required or permitted to ratify an unchallenged acknowledgment of paternity."). The trial court erred in failing to recognize N.D.'s status as R.D.D.'s legal father.

The mother argues that N.D. failed to establish a presumption of paternity because he did not produce any documents showing that the statutory birth registration requirements were properly followed before his name was placed on the birth certificate. This argument has no merit. Section 382.013(2)(c), Florida Statutes (2015), states that "[i]f the mother is not married at the time of the birth, the name of the father *may not be entered on the birth certificate without the execution of an affidavit signed by both the mother and the person to be named as the father.*" (Emphasis added.) Because N.D. is named on the child's birth certificate, he was not required to prove that the underlying documents were executed correctly. *See Flores v. Sanchez,* 137 So. 3d 1104, 1108-09 (Fla. 3d DCA 2014) ("As Mr. Flores' name appears on the Child's birth

3

certificate as the Child's father, we must assume that the hospital complied with section 382.013(2)(c) by obtaining an affidavit or a voluntary acknowledgment of paternity from Mr. Flores and the Mother."); *see also Van Weelde*, 110 So. 3d at 921 ("[O]nce the Voluntary Acknowledgement of Paternity was signed and the Husband's name was placed on [the child's] birth certificate, the Husband became [the child's] legal father for all purposes."). The statute does not require that the "person to be named as the father" on the birth certificate be the biological father. *Id.*; *see also* § 382.013(2)(c).

As the challenger of the voluntary acknowledgment of paternity, the mother had the burden of proof to rebut the presumption of paternity. *See* § 742.10(4). The mother contends that there was "some testimony" during one of the evidentiary hearings about coercion or fraud at the time the acknowledgement of paternity was signed. However, the mother did not plead fraud, coercion, or mistake of fact, and the trial court did not dismiss the petition to establish paternity on those grounds. Rather, the trial court dismissed the petition solely because the DNA tests revealed that N.D. was not the biological father.

Thus, because N.D.'s paternity has already been established, the trial court should have treated his petition to establish paternity as a petition to determine timesharing. Accordingly, we reverse and remand for the trial court to determine whether timesharing with N.D. is in the best interest of the child.

Reversed and remanded.

CASANUEVA and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4